BLUMER COLLEGE OF NATUREOPATHY, INC. *vs.* CHARLES O. W. NELSON.

First Judicial District, Hartford, May Term, 1921.

WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, JS.

In an action upon a check given for tuition furnished and for breach of a contract to pay tuition, the defense was fraudulent representations of the plaintiff in the making of the contract. There was no evidence that the representations made by the plaintiff were false, or were the inducement to the defendant's entry into the contract. It appeared that the defendant became dissatisfied with his contract upon visiting the classes once, and thereupon ceased

to have anything to do with the plaintiff, and stopped payment on the check. *Held* that as the defendant had failed to establish the essentials of his defense, a judgment in his favor was erroneous.

Argued May 4th—decided June 1st, 1921.

ACTION to recover the amount of a check given by the defendant in consideration of his admission, and the admission of his minor daughter, to the plaintiff college and their enrollment as students therein, brought to and tried by the Court of Common Pleas in Hartford County, *Markham, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *Error and new trial ordered.*

*Morris Blumer,* for the appellant (plaintiff).

*Herbert O. Bowers,* for the appellee (defendant).

PER CURIAM.   The action is to recover, on count one, upon a check given in payment of the consideration of plaintiff furnishing tuition to defendant and his daughter Bernice, and, on count two, for breach of the plaintiff's contract with the defendant to furnish him tuition for a certain consideration.

The finding should be corrected by the addition of paragraph thirty-nine of the draft-finding. All of the allegations of the complaint essential to the cause of action have either been found by the court or are fairly established in the evidence.

The contest was over the second defense of the answer, which alleged that Louis Blumer made certain representations to the defendant, that the defendant relied upon these representations and enrolled in the plaintiff college as a pupil, and gave to the plaintiff the check made payable to Dr. Louis Blumer, dean, and that these representations were false and made with

intent to defraud the defendant. There was evidence from which the court might have found a part of these representations proven. But there was no evidence that the inducement to the defendant's entry into this contract, or the giving of this check, was his reliance upon the truth of these representations. The evidence proves that the defendant became dissatisfied with his contract with the plaintiff upon visiting the classes once, and thereupon ceased to have anything to do with the plaintiff, and stopped payment on the check. There was no evidence from which the falsity of these representations could have been found. Indeed, when the defendant was asked the question, "Did you find any of them false?" he answered, "Well, I didn't try them out." The defendant failed to establish the essentials of his defense of fraudulent representations. *Bradley* v. *Oviatt*, 86 Conn. 63, 67, 84 Atl. 321; *Scholfield Gear & Pulley Co.* v. *Scholfield*, 71 Conn. 1, 19, 40 Atl. 1046.

There is error and a new trial is ordered.